IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE D. YOUNG,           \*
    Plaintiff
                             \*

    v.                             CIVIL ACTION NO.  JKB-13-588
                             \*

BOARD OF COUNTY COMMISSIONERS
OF CARROLL COUNTY, et al.,     \*
    Defendants
                             \*\*\*\*\*\*

## **MEMORANDUM**

On February 22, 2013, seeking damages, plaintiff, pro se, filed suit against the Board of County Commissioner of Carroll County, Warden Michael W. Humphrey, and Assistant Warden Ron Hollway alleging that from May through June, 2009, he was denied adequate medical care while housed at the Carroll County Detention Center. ECF Nos. 1 & 5.   Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.[1]  Because the plaintiff has been granted leave to proceed *in forma pauperis*, this court may review the claims in the plaintiff's complaint before service of process and dismiss the complaint *sua sponte* if it has no factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).    Upon review of the complaint, this court concludes that it is subject to dismissal.

---

[1] Plaintiff has filed a motion for appointment of counsel (ECF No. 3), which shall be denied.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  *Id*.  As noted, herein, plaintiff has failed to state a colorable claim. The complaint is subject to dismissal and the motion for appointment of counsel shall be denied.

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101. Plaintiff alleges that in May through June, 2009, he was denied adequate medical care while housed at the Carroll County Detention Center. ECF Nos. 1 & 5. Plaintiff's complaint is dated February 14, 2013, more than three years after the event complained of. The complaint is clearly outside the applicable statute of limitations and shall be dismissed.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

April 29, 2013                                              /s/
Date                                                         James K. Bredar
                                                             United States District Judge